DALLAS JOINT STOCK LAND BANK OF DALLAS ET AL. V. J. E. CARTER, DISTRICT JUDGE, ET AL.

No. 6787. Decided November 21, 1934.
(76 S. W., 2d Series, 1039.)

Robert B. Burgess, Renfro & McCombs, all of Dallas, for relator.

Senate Bill No. 3 of the Second Called Session of the 43rd Legislature, known as the 'Moratorium Law," violates Section 16, Article 1 of the Constitution of the State of Texas because it is an impairment of the obligation of contracts. Jones v. McMahan, 30 Texas, 719; Sequestration Cases, 30 Texas, 689; Life Ins. Co. of Va. v. Sanders, 62 S. W. (2d) 348; Murphy v. Phillips, 63 S. W. (2d) 404; Lingo Lumber Co. v. Hayes, 64 S. W. (2d) 835.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on petition for mandamus on the part of the relator to require the Hon. J. E. Carter, Judge of the 43rd District Court of Wise County, to proceed to trial in a cause pending in his Court, being No. 6201 and styled A. C. Bennett et ux. v. The Dallas Joint Stock Land Bank et al. Only a brief statement of the facts and events giving rise to the instant suit appear to be necessary.

In September, 1922, respondents Bennett and wife executed a note to the relator bank for $4,000 payable in stallments, secured by deed of trust with power of sale on land in Wise County, Texas. Default was made in the payment of the installments of the note, etc., and the relator bank caused the trustee to post notices advertising the land for sale on the 4th day of October, 1932, in accordance with the provisions of the deed of trust and in accordance with the then existing law.

On the day before the sale the respondent Bennett filed suit in the District Court of Wise County, in the cause previously named, asking that the sale under the deed of trust be enjoined on the ground that he had certain homestead rights in the land involved. At an ex parte hearing on the 4th day of October, the advertised day of sale, Judge Carter granted an order restraining the sale until further orders of the Court. Thereafter, on November 11, 1932, the relator filed its motion to dissolve the temporary injunction. Thereafter, on November 23, 1932, The Dallas Joint Stock Land Bank of Dallas filed its sworn

original answer, alleging the validity of its deed of trust and prayed that the writ of injunction be dissolved and that the deed of trust lien which the bank was in process of foreclosing at the time this suit was filed be declared a valid and subsisting lien against the property involved. The hearing on the motion to dissolve was set for December 12, 1932, but the court refused to hear the motion and the cause was passed to the May term of such court in 1933.

On the 3rd day of July, 1933, this cause came on regularly to be heard. On that day the respondents, A. C. Bennett and Della G. Bennett, filed a motion for a continuance under the provisions of House Bill No. 231, a Moratorium Act, passed by the regular session of the 43rd Legislature. On the same day, Judge J. E. Carter granted an order continuing said cause for a period of 180 days from such day and appointed a receiver to collect rents from the land. The next term of court following the expiration of this period of continuance was in May, 1934.

On the 14th day of June, 1934, this cause again came on regularly to be heard. On that date the respondents, A. C. Bennett and Della G. Bennett, filed another application for continuance, based solely upon Chapter 16, Acts 2nd C. S., 43rd Legislature, commonly known as the "Moratorium Law" of 1934.

On the same day the relator filed its answer to the respondents' motion for a continuance, alleging that The Dallas Joint Stock Land Bank of Dallas was an agency of the United States Government and expressly exempt from the provisions of the Moratory Act. The answer further attacked the motion for continuance on the grounds that the moratorium law upon which it was based violated Section 16 of Article 1 of the Constitution of the State of Texas, prohibiting the enactment of laws impairing the obligation of the contract.

On the same day the motion for continuance and the relator's answer thereto were heard by the respondent, Judge J. E. Carter. At the conclusion of the hearing, the court granted an order overruling the contentions of the relator here, and stayed or continued the cause until the fourth Monday in November, 1934. To which ruling of the court the defendant in open court duly excepted.

In a case this day decided, ante, p. 45, we held the Moratorium law, under which the district judge postponed the trial of the case above described to be unconstitutional and void because in violation of Sec. 16, Art. 1 of the Constitution of Texas, prohibiting legislation impairing the obligation of con-

tracts. The order of the district judge based alone upon that law is therefor void. It was then and is now the duty of the judge to proceed to trial of the cause without regard to that void enactment. It is unnecessary for us to consider the question as to whether or not the relator is an agency of the Federal Government.

The mandamus prayed for is awarded.